UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-0354 JGB (SHKx)** | Date | May 22, 2024 |
|---|---|---|---|
| Title | *Valor Systems, Inc., et al. v. TransX Systems, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Order (1) GRANTING-IN-PART and DENYING-IN-PART Defendants' Motion to Dismiss (Dkt. No. 12); and (2) VACATING the June 3, 2024 Hearing (IN CHAMBERS)**

Before the Court is defendants Hung Tran, and TransX Systems, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 12.) The Court considers this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS-IN-PART and DENIES-IN-PART the Motion. The June 3, 2024 hearing is vacated.

## I.  BACKGROUND

On February 13, 2024, plaintiffs Valor Systems, Inc. ("Valor") and Michael Mai ("Mai") (collectively, "Plaintiffs") filed a complaint against defendants TransX Systems, Inc. ("TransX"), Hung Tran ("Tran"), and James C. Kallimani ("Kallimani"). ("Complaint," Dkt. No. 1.) The Complaint alleges four causes of action: (1) fraud in violation of § 10(b) of the Exchange Act and Rules 10b-5(a), (b), and (c); (2) sale of unregistered securities in violation of the Securities Act of 1933 § 5(a) and 5(c) ("Securities Act"); (3) fraud; and (4) violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). (See Complaint.)

On April 8, 2024, TransX and Tran (collectively, "Defendants") filed this Motion. (Motion.) On April 22, 2024, Plaintiffs opposed. ("Opposition," Dkt. No. 14.) On April 29, 2024, Defendants replied. ("Reply," Dkt. No. 15.)

## II.   FACTUAL ALLEGATIONS

Plaintiffs allege the following facts, which are assumed to be true for the purpose of the Motion.  See Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

"This case involves a securities offering in a concert festival scheme promoted by Defendants—the scheme commenced in September 2023 and continued through February 2024." (Complaint ¶ 1.)  Plaintiffs allege that Tran preyed on family and friends, and induced Plaintiffs to invest more than $400,000 in the scheme by (i) making material misrepresentations and omissions of material fact concerning the risks, profits, structure, and terms of the investments; (ii) creating documents that fraudulently inflated key financial metrics, and (iii) touting "exclusive" (but in fact, nonexistent) relationships with artists and talent connected to the concert promotion scheme.  (Id.)  Defendants provided false information and documents to prospective investors.  (Id.)  The victims relied on the materially false and misleading statements and documents to make their investment decisions.  (Id.)

Beginning in September 2023, Tran approached Plaintiffs to promote a business opportunity with TransX.  (Id. ¶ 14.)  On or about October 27, 2023, Defendants presented Mai with an investment contract ("Investment Contract," Complaint, Ex. 3) for an upcoming concert (the "Burna Boy concert").  (Id. ¶ 18.)  According to the terms of the contract, Mai would invest $500,000 and receive 15% of the concert profits in return.  (Id.)  Mai and Tran executed the Investment Contract.  (Id.)  Between October 27, 2023 and November 13, 2023, Plaintiffs wired $406,000 to TransX as part of their investment in the Burna Boy Concert.  (Id. ¶ 19.)

Tran promoted the scheme by "promising large expected profits of investment opportunity and promised further opportunities to Plaintiffs if they invested in the Burna Boy Concert based on Defendant TransX's alleged exclusive contracts with mega stars."  (Id. ¶ 21.)  Tran engaged in the business of effecting transactions in securities for the accounts of others without registering as a broker-dealer and without qualifying for any exemption."  (Id.)

Tran falsely stated financial metrics, including but not limited to $4 million in revenue from streaming the concert event when in fact TransX had no contracts with any streaming services and no factual foundation to project this revenue stream.  (Id. ¶ 22.)  Tran presented cash flow statements which showed that Plaintiffs would make $1,567,500 from their $500,000 investment when in fact TransX did not have a direct contract to promote the Spilligate Festival. (Id.)  TransX and Tran represented that they had affiliations with artists, talent agencies, and multinational media corporations when in fact they had no such relationships.  (Id.)  Defendants represented that Plaintiffs' investment funds would be used to pay the advances required by Burna Boy to appear at the Spilligate Festival, along with the expenses for live streaming the concert—instead, Tran used approximately one half of the investor funds as a commission payable to himself without disclosure and paid approximately one half of the funds to an agency claiming to represent Burna Boy.  (Id.)  Tran repeatedly told Plaintiffs that their investment would be extremely safe given the expected ticket sales for Burna Boy appearing at the Spilligate

---

**CIVIL MINUTES—GENERAL**                 Initials of Deputy Clerk MG

Festival and that Tran would "personally guarantee return of all of their investment funds."
(Id.)

### III.  LEGAL STANDARD

**A.  Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6),[1] a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No. 15-05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

//
//

---

[1] All subsequent references to "Rule" refer to the Federal Rules of Civil Procedure, unless otherwise noted.

## B.  Rule 9(b)

Rule 9(b) requires that circumstances constituting a claim for fraud or mistake be pled with particularity.  Fed. R. Civ. P. 9(b).  Rule 9(b) applies also where the claim is "grounded in fraud" or "sound[s] in fraud."  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003).  Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent conduct], and why it is false."  <u>Shimono v. Harbor Freight Tools USA, Inc.</u>, 2016 WL 6238483, at *5 (C.D. Cal. Oct. 24, 2016) (quoting <u>Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011)).

"[C]laims under section 10(b) and Rule 10b-5 must not only meet the requirements of Rule 8, but must satisfy the heightened pleading requirements of both Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act."  <u>In re Rigel Pharm., Inc. Securities Litigation</u>, 697 F.3d 869, 876 (9th Cir. 2012); see also <u>Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.</u>, 774 F.3d 598, 605 (9th Cir. 2014) ("Rule 9(b) applies to all elements of a securities fraud action.").  Under Rule 9(b), Plaintiffs must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

## C.  Rule 15

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'"  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts."  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).

## IV.  DISCUSSION

Defendants move the Court to dismiss the Complaint on the grounds that (1) Plaintiffs' first and third claims for securities fraud and fraud fail to state a claim because Plaintiffs fail to allege misrepresentation or scienter; (2) Plaintiffs' second claim for failure to register the sale of securities fails because the Investment Contract was a private offering; and (3) Plaintiffs' fourth claim for RICO violations fails because Plaintiffs fail to allege any predicate acts or a pattern of racketeering activity.  (Motion at 1.)

## A.  Claims One and Three: Securities Fraud and Fraud

Plaintiffs allege Defendants' actions constitute securities fraud pursuant to § 10(b) of the Exchange Act and Rules 10b-5 (Claim One) and fraud (Claim Three).  (<u>See</u> Complaint.) Defendants argue that Plaintiffs fail to state a claim because Plaintiffs do not adequately allege

any misrepresentation or scienter subject to the heightened pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA").  (Motion at 3.)

To state a claim under section 10(b) and Rule 10b-5, a plaintiff must adequately allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation.  In re Sona Nanotech, Inc. Securities Litigation, 562 F. Supp. 3d 715, 723 (C.D. Cal. Oct. 28, 2021) (citing Nguyen v. Endologix, Inc., 962 F.3d 405, 413 (9th Cir. 2020).

### 1.  Misrepresentation

Plaintiffs allege the following misrepresentations:

Tran falsely stated financial metrics, including but not limited to $4 million in revenue would be received from streaming the concert event when in fact TransX had no contracts with any streaming services and no factual foundation to project this revenue stream.  (Complaint ¶ 22.)  Tran presented cash flow statements which showed that Plaintiffs would make $1,567,500 from their $500,000 investment when in fact TransX did not have a direct contract to promote the Spilligate Festival.  (Id.)  TransX and Tran represented that they had affiliations with artists, talent agencies, and multinational media corporations when in fact they had no such relationships.  (Id.)  Defendants represented that Plaintiffs' investment funds would be used to pay the advances required by Burna Boy to appear at the Spilligate Festival, along with the expenses for live streaming the concert—instead, Tran used approximately one half of the investor funds as a commission payable to himself without disclosure and paid approximately one half of the funds to an agency claiming to represent Burna Boy.  (Id.)  Tran repeatedly told Plaintiffs that their investment would be extremely safe given the expected ticket sales for Burna Boy appearing at the Spilligate Festival and that Tran would "personally guarantee return of all of their investment funds."  (Id.)

Defendants argue that these allegations are insufficient and/or not actionable because they pertain to future events.  (Motion at 7.)  The Court agrees.

Under the PSLRA and Rule 9(b), Plaintiffs' "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  See Kearns v. Ford Motor Co., 567 F.3d; In re Sona Nanotech, 562 F. Supp. 3d, at 724.  They must specifically allege why each statement meets each element of section 10(b) and Rule 10b-5, including the misrepresentation made.  Or. Pub. Emps. Ret. Fund, 774 F.3d at 605 ("Rule 9(b) applies to all elements of a securities fraud action, including loss causation.").  Here, Plaintiffs' cursory allegations fail to specifically allege why each statement constitutes a misrepresentation. Defendants address each relevant allegation and persuasively outline the deficiencies in pleading: "Plaintiffs do not specifically identify what was allegedly false about the financial metrics," "Plaintiffs fail to specify how both Defendants Tran and TransX made the alleged misrepresentation," "Plaintiffs fail to specifically describe what was misrepresented regarding

---

Plaintiffs' investment funds, when the misrepresentations were made, and how." (Motion at 6-9.) Plaintiffs' opposition as to this argument consists of a ten-page narrative of non-substantive, non-relevant arguments, and one brief citation to paragraphs 17, 18, 21, and 22 in the Complaint (with no explanation or analysis of why these allegations are sufficient)—Plaintiffs do not cite to any relevant authority and fail to make any substantive legal arguments. (See Opposition at 1-10.)

Defendants also argue that Plaintiffs' allegations are not actionable under a fraud claim because they constitute "predictions as to future events." (Motion at 5.) Plaintiffs do not address or oppose this argument. (See Opposition.) "The alleged misrepresentation must ordinarily be an affirmation of past or existing facts to be an actionable fraud claim; predictions as to future events are deemed opinions, and not actionable by fraud. . . . The alleged misrepresentation must also ordinarily be a specific factual assertion; generalized statements are usually not actionable as fraud." Glen Holly Ent., Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) (internal citations omitted). Because Plaintiffs fail to address this argument, they concede it. Caravan Canopy Intl, Inc. v. Home Depot U.S.A., Inc., 2021 WL 831028, at *3 (C.D. Cal. Feb. 25, 2021) ("Plaintiff does not address this argument, and arguments to which no response is supplied are deemed conceded.").

### 2. Scienter

Next, Defendants argue that for the same reasons that Plaintiffs failed to adequately allege an actionable misrepresentation, Plaintiffs' allegations of scienter must also fail. (Motion at 10.) Plaintiffs argue that paragraphs 25-27, and 38-40 of the Complaint satisfy the scienter requirement—they do not. (Opposition at 10.) Plaintiffs merely recite the boilerplate elements required under a fraud claim. (See Complaint ¶¶ 25-27, 38-40.) These allegations do not come close to the specificity required to allege scienter under Rule 9(b) and the PSLRA. (Reply at 3.)

Accordingly, the Court **GRANTS** the Motion and **DISMISSES** Claim One and Claim Three **WITH LEAVE TO AMEND**.

### B. Claim Two: Sale of Unregistered Securities

Plaintiffs allege that Defendants engaged in the sale of unregistered securities in violation of Sections 5(a) and 5(c) of the Securities Act. (Complaint ¶¶ 31-35.) Defendants argue that this claim fails because the Investment Contract constitutes an exempt private transaction. (Motion at 10-11.)

"Sections 5(a) and (c) of the Securities Act, 15 U.S.C. § 77e(a), (c), make it unlawful to offer or sell a security in interstate commerce if a registration statement has not been filed as to that security, unless the transaction qualifies for an exemption from registration." SEC v. Welch, 2018 WL 11428210, at *2 (C.D. Cal. 2018) (quoting SEC v. Platforms Wireless Int'l Corp., 617 F.3d 1072 (9th Cir. 2010)). A person who offers or sells a security in violation of section 77e shall be liable to the person purchasing such security from him. 5 U.S.C. § 77l (a)(1). Section 4(a)(2) of the Securities Act exempts "transactions by an issuer not involving any public

---

offering." <u>SEC v. Capital Cove Bancorp LLC</u>, 2015 WL 9704076, at *8 (C.D. Cal. 2015) (quoting 15 U.S.C. § 77d(a)(2)).

"The Supreme Court has held that the applicability of [the private offering exemption] should turn on whether the particular class of persons affected need[s] the protection of the Act. An offering to those who are shown to be able to fend for themselves is a transaction not involving any public offering." <u>Id.</u> (citing <u>SEC v. Ralston Purina Co.</u>, 346 U.S. 119, 125 (1953)) (internal quotes omitted). "To determine whether the private offering exemption applies, courts consider several factors: (1) the number of offerees, (2) the sophistication of offerees, (3) the size and manner of the offering, and (4) the relationship of the offerees to the issuer." <u>Id.</u> (citing <u>SEC v. Murphy</u>, 626 F.2d 633, 644–45 (9th Cir. 1980)).

The Court is unable to identify authority in which a court granted a motion to dismiss based on the private offering exemption—nor have Defendants pointed to any. (<u>See</u> Motion.) Various courts have analyzed the application of the exemption at summary judgment and preliminary or permanent injunction stages—where evidence was introduced to allow more substantive analysis of the exemption factors. <u>See</u> <u>Western Federal Corp. v. Erickson</u>, 739 F.2d 1439 (9th Cir. 1984) (summary judgment); <u>Murphy</u>, 626 F.2d 633 (permanent injunction); <u>Ralston Purina Co.</u>, 346 U.S. 119 (same); <u>Capital Cove Bancorp LLC</u>, 2015 WL 9704076 (preliminary injunction). Given the evidentiary nature of this exemption, the Court declines to analyze whether the exemption applies at this stage. Accordingly, the Court **DENIES** the Motion as to Claim Two.

## C.  Claim Four: RICO

Plaintiffs allege Defendants' actions constitute racketeering under 18 U.S.C. § 1962(c). (Complaint ¶¶ 43-51.) Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Accordingly, four elements are necessary. Plaintiff must plead:

(1) conduct
(2) of an enterprise
(3) through a pattern
(4) of racketeering activity.

<u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496 (1985); <u>Eclectic Props.</u>, 751 F.3d at 997; <u>Ogden v. Wells Fargo Bank, N.A.</u>, 2015 WL 13413390, at *3 (C.D. Cal. 2015), aff'd sub nom. <u>Ogden v. Wells Fargo Bank, NA</u>, 674 F.App'x 650 (9th Cir. 2017). For purposes of construing these elements, "RICO is to be read broadly ... [and] is to be liberally construed to effectuate its remedial purposes." <u>Sedima</u>, 473 U.S. at 497-98. "When a civil RICO claim is based in fraud, the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure applies."

<u>Resolute Forest Prod., Inc. v. Greenpeace International</u>, 302 F. Supp. 3d 1005, 1015 (N.D. Cal. 2017) (citing <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065–66 (9th Cir. 2004)).

Defendants argue that Plaintiffs' RICO claim should be dismissed because the PSLRA bars RICO claims predicated on securities fraud, and Plaintiffs fail to adequately allege predicate acts of mail and wire fraud. (Motion at 16.) Plaintiffs fail to substantively oppose any of Defendants' arguments as to RICO. (<u>See</u> Opposition at 12-13.) The Court dismisses this claim on three grounds.

First, to the extent that the RICO claim is based on predicate acts of securities fraud, the claim is barred. (<u>See</u> Motion at 16-17.) Section 1964(c) of the PSLRA is a broad prohibition on RICO claims for any conduct that could potentially have been actionable as securities fraud. <u>Holland v. Lee</u>, 2023 WL 5505998, at *1 (C.D. Cal. July 14, 2023). Second, Plaintiffs' attempt to plead a RICO claim based on "mail fraud and wire fraud" violations fails because the Complaint does not include any allegations that would support this type of fraud, much less rise to the level of particularity required under Rule 9(b). (<u>See</u> Complaint ¶¶ 47-48; Motion at 18.) Third, Plaintiffs' allegations (though insufficient on other grounds) include only one allegedly improper act. RICO expressly defines "pattern of racketeering activity" to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Here, even if the October 2023 contract is properly considered "racketeering activity," Plaintiffs allege only one such act. Accordingly, Plaintiffs do not allege a pattern of racketeering activity and cannot state a claim under 18 U.S.C. § 1962(c). For these reasons, the Court **GRANTS** the Motion and **DISMISSES** Claim Four **WITH LEAVE TO AMEND**.

## V.   CONCLUSION

For the reasons above, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion. Plaintiff shall file an amended complaint, if any, by June 4, 2024.

**IT IS SO ORDERED.**